## Cyrus H. McCormick
### *v.*
## Edward J. Moss *et al.*

Securities on official bonds — *liability where there have been two bonds given for different terms of office.* An execution was delivered to a constable, but before he had taken any steps for its collection his term of office expired. He was re-elected, and gave different securities on his new official bond from those on his first bond. During his second term of office he made a levy of the execution and collected the money. Failing to pay it over, the securities on the first bond were held liable — not those upon the second bond.

Writ of Error to the Circuit Court of Peoria county; the Hon. M. Williamson, Judge, presiding.

This was a suit originally commenced before a justice of the peace in Peoria county, by Cyrus H. McCormick against Edward I. Moss, Gilbert Hathaway and John Moss. The cause was removed into the Circuit Court by appeal.

The question in this court is presented upon the following agreed state of facts:

" This is a suit brought against the securities of E. J. Moss, constable. Said Moss served as constable for two terms. His first term expired on the 1st day of April, A. D. 1862. He was re-elected and gave as his securities upon his official bond, upon which bond this suit is based, for his second term, the defendants in this case, viz.: John Moss and Gilbert Hathaway. During his first term of office, to wit, on the 6th day of March, 1862, the execution upon which this action is based came into said Moss's hands as constable, and was accordingly indorsed. The levy was made and money collected during the second term of office. The execution came into his hands and became a lien on the personal property of the defendant in execution during his first term of office, but we do not know that defendants owned during constable's first term of office, the property levied upon afterward. The money upon said execution has never been paid over or accounted for by said constable."

The securities on the last official bond were different from those on the first bond.

The court below found the issue for the defendants, and rendered a judgment against the plaintiff for costs.

The plaintiff thereupon sued out this writ of error.

The only question presented is, which securities are liable, those upon the first or those upon the second bond ?

Messrs. O'Brien & Cratty, and Messrs. Johnson & Hopkins, for the plaintiff in error.

Mr. N. E. Worthington, and Messrs. McCullock & Taggart, for the defendants in error.

Mr. Justice Lawrence delivered the opinion of the Court:

An execution was delivered to a constable, but before he had taken any steps for its collection his term of office expired. He was re-elected and gave different securities on his new official bond from those upon his first bond. During his second term of office he made a levy and collected the money. Having failed to pay it over, the question is now presented, which securities are liable, those upon the first or upon the second bond ?

In the absence of statutory provisions there would be strong reasons for holding the securities upon the last bond liable. But we are obliged to consider the statute as clearly establishing a different rule. Section 113 of the act upon justices and constables is as follows :

" Any constable to whom an execution shall have been delivered, and whose term of office shall expire before the expiration of the time within which the return of such execution shall be required by law, shall be authorized to proceed in all matters relating to said execution and in the same manner to collect the same that he might have done had the term of said office not expired, and the constable and sureties shall be liable for any neglect of duty and for all moneys collected on said execution in the same manner and to the same extent they

would have been if the term of office of said constable had not expired."

Section 114 provides, that, " where by law any justice of the peace or constable shall be authorized or required to complete any business or perform any duties growing out of business commenced and in their hands previous to going out of office, the bond shall apply to such cases until such business is concluded by such justice or constable."

It is unnecessary to discuss these sections. They are so clear as to admit of no debate. Without entirely perverting them we cannot hold that the securities on the first bond in the case before us are not liable. The collection of this execution was in the language of the law, "business commenced" and in the hands of the constable previous to his going out of office. The law says the first bond shall apply to this business until its completion.

*Judgment affirmed.*